

United States Department of Justice

United States Attorney
Southern District of West Virginia

---

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

February 6, 2025



Lex Coleman, AFPD
Federal Public Defender's Office
300 Virginia Street, East, Room 3400
Charleston, WV 25301

    Re: United States v. Justin Saunders
       Criminal No. 2:24-cr-00070 (USDC SDWV)

Dear Mr. Coleman:

  This will confirm our conversations with regard to your client, Justin Saunders (hereinafter "Mr. Saunders"). As a result of these conversations, it is agreed by and between the United States and Mr. Saunders as follows:

  1. **PENDING CHARGES.** Mr. Saunders is charged in a six-count Superseding Indictment as follows:

    (a) Count One charges Mr. Saunders with a violation of 21 U.S.C. § 846 (conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine; conspiracy to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; and conspiracy to distribute a quantity of metonitazene);

    (b) Count Two charges Mr. Saunders with a violation of 21 U.S.C. § 841(a)(1) (distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine);

_____<br>Defendant's Initials

    (c)    Count Three charge Mr. Saunders with a violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; possession with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; and possession with intent to distribute a quantity of metonitazene);

    (d)    Count Four charges Mr. Saunders with a violation of 18 U.S.C. §924(c)(1)(A) (possession of a firearm in furtherance of a drug trafficking crime);

    (e)    Count Five charges Mr. Saunders with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (felon in possession of a firearm); and,

    (f)    Count Six charges Mr. Saunders with a violation of 18 U.S.C. § 856(a)(1)(Maintaining a Drug Involved Premises).

2. **RESOLUTION OF CHARGES.** Mr. Saunders will plead guilty to Count Two of said Superseding Indictment, which charges him with a violation of 21 U.S.C. § 841(a)(1). Following final disposition, the United States will move to dismiss Counts One, Three, Four, Five and Six in Criminal Number 2:24-cr-000070 as to Mr. Saunders.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Saunders will be exposed by virtue of this guilty plea is as follows:

    (a)    Imprisonment for a mandatory minimum period of five years and up to 40 years;

    (b)    A fine of $5,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from

*JS*  
_____  
Defendant's Initials

                defendant's conduct, whichever is greater;

    (c)    A term of supervised release of at least 4 years;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Saunders for a period of 5 years; and

    (f)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Mr. Saunders has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Saunders agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **PAYMENT OF MONETARY PENALTIES.** Mr. Saunders authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Saunders agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Saunders further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a

                                                                                *JS*  
                                                                           Defendant's Initials

limitation on the methods, available to the United States to enforce the judgment.

Mr. Saunders authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Saunders shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Saunders agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street, East, Room 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

6. **FORFEITURE.** Mr. Saunders hereby agrees as follows:

(a) To forfeit to the United States property, in Mr. Saunders's possession or under his control which constitutes proceeds of or facilitated the distribution of controlled substances, and any interest he may have in a Taurus, model PT1911, .45 caliber pistol, with an obliterated serial number and related ammunition, that was seized on or about February 4, 2024;

(b) To fully complete and execute, under oath, a Financial Affidavit in a form supplied by the United States and to return to counsel for the United States the completed Affidavit within seven calendar days from the date of signing this plea agreement;

(c) To provide sworn testimony and to execute any documents



Defendant's Initials

deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

(d) To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in United States v. Alexander, 509 U.S. 544 (1993); United States v. Bajakajian, 524 U.S. 321 (1998); United States v. Austin, 509 U.S. 602 (1993); and their progeny. He further agrees to waive all constitutional, statutory, and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture or transfer carried out in accordance with this plea agreement on any grounds, including that the forfeiture or transfer described herein was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

7. **COOPERATION.** Mr. Saunders will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Saunders may have counsel present except when appearing before a grand jury. Further, Mr. Saunders agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Saunders, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

*JS*
Defendant's Initials

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Saunders for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Saunders for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Saunders stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Saunders agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Saunders or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Saunders knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Saunders understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the



Defendant's Initials

plea agreement.

    11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Saunders knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Saunders also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 21 U.S.C. § 841(a)(1) is unconstitutional, and (2) Mr. Saunders's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 21 U.S.C. § 841(a)(1).

    The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

    Mr. Saunders also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

    The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Saunders knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any

_JS_
Defendant's Initials

department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Saunders;

(f) Advise the Court concerning the nature and extent of Mr. Saunders's cooperation; and

(g) Address the Court regarding the issue of Mr. Saunders's acceptance of responsibility.

14. **VOIDING OF AGREEMENT.** If either the United States or Mr. Saunders violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr.

*JS*
―――――――
Defendant's
Initials

Saunders in this matter. There are no agreements, understandings, or recommendations as to any other pending or future charges against Mr. Saunders in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

WILLIAM S. THOMPSON
United States Attorney

By: *[signature]*

SAMUEL D. MARSH
Assistant United States Attorney

SDM/sdw

*JS*
---
Defendant's Initials

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 10-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____        2-12-25
JUSTIN SAUNDERS                         Date Signed
Defendant

_____        12 Feb '25
LEX COLEMAN, AFPD                       Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:24-00070

JUSTIN SAUNDERS

## STIPULATION OF FACTS

The United States and JUSTIN SAUNDERS (hereinafter "defendant," "my," and "I") stipulate and agree that the facts comprising the offense of conviction (Count Two in the Indictment in the Southern District of West Virginia, Criminal No. 2:24-00070 and the relevant conduct for that offense), includes the following:

On February 3, 2024, I distributed a controlled substance that contained methamphetamine to a person working as a confidential source for the Metropolitan Drug Enforcement Network Team (MDENT). I distributed the substance that contained methamphetamine at my residence located at 1417 Quarrier Street, in Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia. I know that methamphetamine is a controlled substance, and that what I was doing was against the law.

The substance that contained methamphetamine that I distributed to the person working as a confidential source has been tested by the DEA Mid-Atlantic Drug Lab and confirmed to contain methamphetamine with a weight of approximately 896 grams.

On February 4, 2024, law enforcement officers executed a search warrant at my residence in Charleston, West Virginia. During the search, officers found additional quantities of methamphetamine, fentanyl and metonitazene that I intended to distribute within the Southern District of West Virginia. The substances recovered have also been tested at the Mid-Altantic

Drug Lab and confirmed to contain methamphetamine, fentanyl and metonitazene.

I further agree that methamphetamine is a Schedule II controlled substance. I also know that Kanawha County, West Virginia, is within the Southern District of West Virginia.

This Stipulation of Facts does not contain each and every fact known to me and to the United States concerning my involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

_____  1-24-25
JUSTIN SAUNDERS                Date
Defendant

_____  24 Jan '25
LEX COLEMAN, ESQUIRE           Date
Counsel for Defendant

_____  2-12-25
SAMUEL D. MARSH                Date
Assistant United States Attorney